IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANTWINE EQUALITY GRAVES**                                                            **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:14cv112-KS-MTP**

**CHRISTOPHER EPPS, et al.**                                                 **DEFENDANTS**

**REPORT AND RECOMMENDATION OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* for case management purposes. Plaintiff filed this civil rights action pursuant to 28 U.S.C. § 1983 on or about February 27, 2014. *See* Complaint [1]. Based on the record in this case and the applicable law, the undersigned recommends that this action be dismissed without prejudice.

Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant to be served within 120 days after the complaint is filed. Rule 4(m) empowers the Court, on motion or on its own after notice to the plaintiff, to dismiss the action without prejudice or order that service be made within a specified time. *See Michalik v. Hermann*, No. Civ. A. 99-3496, 2001 WL 434489 (E.D. La. Apr. 26, 2001) (dismissing unserved defendants in prisoner civil rights case after the 120 days provided by Rule 4(m) expired and noting that there was no good cause shown for failure to effect service).

In this case, Plaintiff paid the filing fee and was advised that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Letter from Pro Se Office to Plaintiff, re: summons [6]. The records reflects that a request for waiver of service was sent to Defendants Christopher Epps and David Sanderson on April 1, 2014. *See* Requests for Waiver [7] & [8]. Waiver of service was due May 30, 2014. *Id.* Nearly nine months later, Defendants have not waived service and Plaintiff has not otherwise acted to effect service as required by Rule 4.

1

On January 8, 2015, this Court afforded Plaintiff a final opportunity to effect service, directing Plaintiff to effect and file proof of service by February 16, 2015.[1] *See* Order and Notice [11]. Plaintiff was warned that his failure to effect service or file proof thereof by this deadline, or make a showing of good cause, could result in dismissal of this matter without further notice. *Id.*

In response, Plaintiff has merely resubmitted documents indicating that he sent waiver of service to both Defendants on April 1, 2014. *See* Response [12]. He also states that he forwarded another copy of the waiver of service to the Defendants. *Id.* However, Plaintiff provides no explanation for his delay in service, nor have the subsequent waivers of service been returned. Rule 4(d) provides that a signed and returned waiver of service relieves the plaintiff of proof of service; however, an individual's or entity's refusal to waive service does not alleviate the plaintiff of any such obligation, as is the case here. The plaintiff in this scenario must subsequently effect service of process by serving a summons and a copy of the complaint, notwithstanding the requested, and failed, waiver of service. *See* FED. R. CIV. PRO. 4(d); *see Flores v. Sch. Bd. of DeSote Parish*, 116 Fed. App'x 504, 507-08 (5th Cir. 2004) (outlining the requirements and effects of waiver of service and failure to waive service under Rule 4).

Finally, Plaintiff has been warned multiple times that a failure to timely comply with any order of this Court may result in this case being dismissed. *See* Orders [3, 4, 11].

## RECOMMENDATION

As the Plaintiff has failed in his obligations to effect service upon the Defendants and to comply with the Court's orders, it is the recommendation of the undersigned that this matter be

---

[1] Since February 16, 2015 is President's Day, this deadline is extended to February 17. *See* FED. R. CIV. PRO. 6(a)(1) & (6).

DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 18th day February, 2015.

s/ Michael T. Parker
United States Magistrate Judge